AO 243 (Rev. 2/95)

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

1:94 CR 5212

| United States District Court | District: EASTERN DISTRICT OF CALIFORNIA |
|---|---|
| Name of Movant: Willie Riojas, Guillermo | Prisoner No. 56629-097 | Case No. |
| Place of Confinement: USP Florence  P.O. Box 7000  Florence, CO 81226-7000 | 1: 05 C 00947 REC |

UNITED STATES OF AMERICA  V.  WILLIE RIOJAS GUILLERMO
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack
   UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA

2. Date of judgment of conviction   11/27/1995

3. Length of sentence   96 month + 10 years consecutive + 20 years consesutive.

4. Nature of offense involved (all counts)
   COUNT (5) INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE
   COUNT (6) VIOLENT CRIME/DRUGS/MACHINE GUN (924(c))
   COUNT (11) MOTOR VEHICLE THEFT-CARJACKING
   COUNT (12) SAME AS COUNT (11)

5. What was your plea? (Check one)
   (a) Not guilty  [X]
   (b) Guilty  [ ]
   (c) Nolo contendere  [ ]

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury  [X]
   (b) Judge only  [ ]

7. Did you testify at the trial?
   Yes [ ]   No [X]

8. Did you appeal from the judgment of conviction?
   Yes [X]   No [ ]

AO 243 (Rev. 2/95)

9. If you did appeal, answer the following:

   (a) Name of court  NINTH CIRCUIT COURT OF APPEALS

   (b) Result  DENIED

   (c) Date of result  N/A

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☐   No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court

        (2) Nature of proceeding

        (3) Grounds raised

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
            Yes ☐   No ☒

        (5) Result

        (6) Date of result

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court

        (2) Name of proceeding

        (3) Grounds raised

(4) Did you receive an evidentiary hearing on your petition, application or motion?
   Yes ☐   No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
   (1) First petition, etc.     Yes ☐   No ☐
   (2) Second petition, etc.    Yes ☐   No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

> Recent Supreme Court Rulings has determined that the guidelines are advisory and not mandatory, therefore, enhancements cannot be applied unless found by jury or admitted by defendant, or a fact-finding determination procedure.
> Petitioner has a right to present these claims when a right asserted is recognized by the Supreme Court, if that right has been newly recognized by the supreme court and made retroactively applicable to cases on collateral review.

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

   For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.
   Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.
   (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
   (b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Petitioner was denied his constitutional right to have effective assistance of counsel.

Supporting FACTS (state *briefly* without citing cases or law):

Petitioner was denied his Sixth Amendment right to effective assistance of Counsel because counsel failed to investigate the facts of the case and research the law in correlation thereto, petitioner was harmed and prejudiced from counsels action/inactions, and but for counsel's actions/inactions petitioner would not have been found guilty in violation of 18 USC § 1951(a) count 5, interference of State Commerce.

B. Ground two: Petitioner's sentence was enhanced beyond the statutory maximum prescribed by law, furthermore, petitioner was sentenced to a nonexistent offense in relation to interference with commerce.

Supporting FACTS (state *briefly* without citing cases or law):

(See Attached Pages........)

C. Ground three:

Supporting FACTS (state *briefly* without citing cases or law):

D. Ground four: ██████████

Supporting FACTS (state *briefly* without citing cases or law):

██████████

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: ██████████

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐   No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing
    
    N/A

    (b) At arraignment and plea
    
    N/A

    (c) At trial
    
    N/A

    (d) At sentencing
    
    N/A

(6)

(e) On appeal ▬▬▬▬▬▬▬▬▬

(f) In any post-conviction proceeding ▬▬▬▬▬▬▬

(g) On appeal from any adverse ruling in a post-conviction proceeding ▬▬▬▬▬▬▬

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
    Yes [X]    No [ ]

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes [ ]    No [X]

    (a) If so, give name and location of court which imposed sentence to be served in the future: ▬▬▬

    (b) Give date and length of the above sentence: ▬▬▬

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
        Yes [ ]    No [ ]

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on _____

7-20-05
Date

_____
Signature of Movant

(7)

# INDEX

[CASE LAW]:                                                                Page

United States v. Collins..................................3
40 F.d at 100.............................................

U.S. v. Diaz..............................................3
248 F.3d at 108, 485 (11 Cir.)............................

U.S. v. Quigley...........................................4
53 F.3d at 910-11 (8th Cir.)..............................

Wang......................................................4
222 F.3d at 238-39 (6th Cir.).............................

Buffey....................................................4
899 F. 2d at 1404, 1406 (4th Cir.)........................

Mattson...................................................4
671 F. 2d at 1024-25 (7th Cir.)...........................

Atcheson..................................................4
94 F. 3d at 1243..........................................

Downum v. United States...................................5
372 U.S. 734, 736, 83 S. Ct. 1033, 1034, 10 L.Ed.2d 100...

Morgan v. Devine..........................................5
237 U.S. 632, 641, 35 S. Ct. 712, 714, 59 L.Ed 1153.......

Beacham v. United States..................................5
(10 CA) 218 F. 2d 528.....................................

Rayborn v. United States..................................5
234 F.2d 368 (6 CA).......................................

Marshall v. United States.................................5
(10 CA) 299 F.2d 141......................................

Waters v. United States...................................5
323 F.2d 739 (1964).......................................

U.S. v. LYNCH.............................................6
282 F.3d 1049 (9th Cir. 2002).............................

U.S. v. HOWARD............................................6
352 F.3d 332 (7th Cir. 2003)..............................

United States v. Marzek...................................6
998 F.2d 453, 454 (7th Cir. 1993).........................

U.S. v. JOHNSON...........................................6
352 F.3d Id. at 337-338...................................

[INDEX CONTINUED]:

                                                                Page

People v. Malchow.............................................7
306 Ill. App 3d 665...........................................

United States v. Hamilton.....................................7
553 F.2d 63 (10 Cir. 1977)....................................

Haywood v. U.S................................................8
216 F. Supp. 2d 725 (2002)....................................

United States v. Min Nan WANG.................................8
2000 WL 1060375 (6th Cir. Tenn)...............................

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : <br>    Plaintiff/Respondent, : <br> : <br> vs. : <br> : <br> WILLIE RIOJAS GUILLERMO, : <br>    Defendant/Petitioner, : <br>_____: | Case No:_____ <br><br> Criminal Case No: <br>  1:94-m-2332 |

**Motion and incorporated memorandum of law in support to Vacate, Set Aside or Correct a sentence by a person in federal custody pursuant to title 28 U.S.C. §2255.**

COMES NOW, the petitioner in the above captioned case, in pro-se and files this Motion and Incorporated Memorandum of Law in Support of his Motion to Vacate, Set Aside or Correct a Sentence by a person in FederalCustody pursuant to Title 28 U.S.C. §2255.

Petitioner states that he is innocent of the alleged violation 18 USC 1951 (a), Interference of State Commerce, and a miscarriage of justice. has occured in violation of petitioner's Eighth Amendment rights.

Petitioner requests a copy after the filing of this petition as well as a brief recital as to why relief should not be granted, as well as a timely responce.

-1-

## Statement of Case

Petitioner was found guilty by jury and sentenced to four counts of the indictment as follows:

Sentenced imposed as to counts 5, Interference with commerce by threat or violence, count 6, Violent crime/drugs/machine gun, count 11, Motor vehicle theft-carjacking, and count 12, Violent crime/drugs/machine gun. Petitioner was sentenced to a term of 96 months custody as to counts 5 and 11 to be served concurrently; and 10 years consecutive on count 6, and 20 years consecutive on count 12. Sentence was pronounced before Judge Crocker in the UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA.

Petitioner contends that the District court Judge exceeded its jurisdiction by applying illegal enhancement(s) and sentencing petitioner to a 'nonexistent' offense for the following reason(s).

## Memorandum of Points and Authorities

The court of Appeals held that:
(1) court could sua sponta review issue raised by intervening change in law by Supreme Court;
(2) Blakely rule applies to sentences imposed under Sentencing guidelines;
(3) judicial fact-finding applies on base offense level and firearm enhancement violated Blakely;
(4) Blakely did not render unconstitutional Guidelines as a whole, but required severance of procedural aspects of applying Guidelines; and
(5) resentencing could not violate double jeopardy.

Petitioner appeals his sentence imposed and contends that the District Courts fact-finding procedure was clearly erroneous and was based on 'twice in jeopardy' as well as sentence imposed to a nonexistent offense, FURTHERMORE, the savings clause of §2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes that petitioner was convicted for a nonexistent offense; and 3) Circuit law squarely forclosed such a claim at the time it otherwise should have been raised in the petitioner's

-2-

trial, appeal, or first §2255 motion. (See Wofford, 177 F. 3d at 1237), THEREFORE this court has jurisdiction to hear this petition.

Petitioner contends that the sentence he received in relation to count (5), INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE is a illegal sentence. Violation of 18 U.S.C. § 1951(a), that statute, the Hobbs Act, provides in relevant part:

> **Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.**

Petitioner maintains that, insufficient evidence existed to support a finding that his robbery affected interstate commerce and had no effect on interstate commerce beyond an absolute de minimis effect. In <u>United States v Collins</u>, the Fifth Circuit formulated a test for determining when the robbery or extortion of an individual would have the requisite de minimis effect. (40 F. 3d at 100). Under this test, crimes directed toward an individual violated the Hobbs Act only if:

> (1) the acts deplete the assets of an individual who is directly and customarily engaged in interstate commerce; (2) if the acts cause or create the likelihood that the individual will deplete the assets of an entity engaged in interstate commerce; or (3) if the number of individuals victimized or the sum at stake is so large that there will be some cumulative effect on interstate commerce.

Based on these same principles of federalism, the Eighth and Eleventh Circuits have expressly adopted the collins test. <u>Diaz,</u>

-3-

248 F. 3d at 108485 (11th Cir.); Quigley, 53 F. 3d at 910-11 (8th Cir).

Without adopting a specific test, the Fourth, Sixth, and Seventh Circuits have also distinguished between the robbery of a private individual and the robbery of a business or business person in determining whether the federal government may prosecute under the Hobbs Act. Wang, 222 F. 3d at 238-39 (6th Cir.); Buffey, 899 F. 2d at 1404, 1406 (4th Cir.); Mattson, 671 F. 2d at 1024-25 (7th Cir.). Jurisdiction over a violation of the Hobbs Act could be supported by only a de minimis effect on interstate commerce, including a de minimis effect that was probable rather actual, see Atcheson, 94 F. 3d at 1243.

Petitioner alledgely partisipated in a robbery of a 'moms and pops' hamburger stand for the amount of less than $200.00 (two hundred dollars), which did not deplete the assets of an individual or the assets of an entity engaged in interstate commerce and the sum at stake was not so large that it had a cumulative effect on interstate commerce, THEREFORE, if the regulated activity "is in no sense an economic activity that might, through repetition elsewhere, substantially affect any sort of interstate commerce," not even a de minimis effect on interstate commerce will not have been demonstrated as in this case and for all the reason(s) why this sentence is illegal and in violation of petitioner's constitutional rights.

The court also sentenced petitioner to 10 years consecutive on count (6), VIOLENT CRIME/DRUGS/MACHINE GUN and 20 years consecutive on count (12), VIOLENT CRIME/DRUGS/MACHINE/GUN. Petitioner contends that this sentencing procedure was not only double counting but also placed petitioner 'twice in jeopardy for the same offense.'

Petitioner was sentenced to 10 years in violation of 18 U.S.C. 924 (c)(1) and then enhanced another 20 years for the same firearm in question. The Supreme Court has emphasized the prohibition of

-4-

the Double Jeopardy Clause as not against being "punished twice," but against being twice put in jeopardy of conviction for the same offense, and that "[h]arassment of an accused by sucessive prosecutions so as to afford the prosecution a more favorable opportunity to convict are examples when jeopardy attaches." Downum v United States, 372 U.S. 734, 736, 83 S. Ct. 1033, 1034, 10 L. Ed. 2d 100. The test for identity of offenses charged, for purposes of double jeopardy and duplicity, is "whether the same evidence is required to sustain them," Morgan v Devine, 237 U.S. 632, 641, 35 S. Ct. 712, 714, 59 L.Ed 1153. And see: Beacham v. United States, (10 CA). 218 F. 2d. 528; Rayborn v. United States, 234 F. 2d 368 (6 CA), and Marshall v. United States, (10 CA), 299 F. 2d 141. Petitioner asserts that the offense twice charged against him is illegal use of firearm during crime of violence twice and evidence being statutorily sufficient to authorize conviction, only one conviction is permissible under the statute. "**If the two offenses involved are statutorily provable by the same facts, they are identical for purposes of double jeopardy, and petitioner must prevail.**" (Waters v United States,) 323 F. 2d 739 (1964), FURTHERMORE, petitioner has a Civil/Criminal docketing sheet that allege count(s) six and eleven as VIOLENT CRIME/ DRUGS/**MACHINE GUN**? Petitioner never possessed, used, or was found guilty of a MACHINE GUN!! Pursuant to Title 18 §924(c)(1)(B)(i) which states in part; (B)(i) If the firearm possessed by a person convicted of a violation of this subsection--
   (i) **is a short-barreled rifle, short-barreled shotgun, or semi--automatic assault weapon, the person shall be sentenced to a term of imprisonment of not less than 10 years;**

the definition(s) of a firearm also can be found pursuant to title 26 § 5845 (a), petitioner was alleged to have a shot-gun and not a machine gun, Therefore, this enhancement is also illegal and should have not been applied. This case is liken somewhat to U.S. v. LYNCH

-5-

282 F. 3d 1049 (9th Cir. 2002) as well as U.S. v. HOWARD, 352 F. 3d 332 (7th Cir. 2003). In Howard, the defendants were indicted for using and carrying a firearm to commit a crime of violence under sec. 924(c) and were sentenced to that count and also enhanced under the same provision(s), HOWEVER, the case mentionted is very explicit in explaining that 924(c) section provides a mandatory consecutive sentence for any person who uses or carries a firearm in furtherance of a crime of violence, but if both the Guideline weapon enhancements for robbery and the sentence for §924(c) are imposed, the combination effectively double counts the use of the firearm. See U.S.S.G. §2K2.4 cmt. n. 2 (1992); United v. Marzek, 998 F. 2d 453, 454 (7th Cir.1993). (noting that a 924(c) conviction precludes weapon enhancements).

Amendmant 599 added two new paragraphs that included the same general admonition against double counting and added some clarifications to explain when double counting exists. ("The first sentence of the new application note reinforces what courts have always known when a defendant is convicted of a §924(c) violation and the underlying offense, the defendant's possession of a weapon cannot be used to enhance the level of the underlying offense."). See U.S. JOHNSON, 352 F. 3d Id. at 337-338).

Finally, the principal issue at hand concerns the lawfulness of the sentence. After the Supreme courts decision in Booker/Fan-Fan/Crosby, petitioner contends that the enhancement(s) which were based on the District Judge's fact-finding which compelled the Judge to add twice under the guidelines, violated petitioner's Sixth Amendant Right to trial by jury.

Section 3553(a)(d)(3) provides the kind of sentences available and (4) the kinds of sentence and the sentence range established,...

-6-

section (a) the applicable category of offense commited by the applicable category of defendant as set forth in the guidelines the court shall also have due regard for the relationship of the relationship of the sentence imposed to sentences prescribed by guidelines applicable to similar offenses and offenders, and to the applicable policy statements of the Sentencing commission.

The maximum for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant, trial court must impose criminal punishment/penalties that legislature has mandated and has no authority to impose punishment other than that provided by statue. People v. Malchow, 306 Ill. App. 3d 665. Even in cases in which a district judge specifically indicated an alternative sentence that would have been imposed if compliance with the guidelines were not required, that alternative sentence is not necessarily the same one that the judge would have imposed in compliance with the duty to consider all of the factors listed in section3553(a).

In United States v. Hamilton, 553 F. 2d 63 (10 Cir. 1977) the 10 Cir. adopted the "miscarriage of justice" test established by established by the the Supreme Court. [W]hether the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and whether it presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.

It is apparrent that this is an exceptional circumstance and a manifest injustice and a blatent violation of petitioners constitutional rights and the only correction is to Vacate and or Set Aside petitioners conviction imposed in violation of relevant statutes, even if correction would not shorten defendant's stay

-7-

in prison. See Haywood v. U.S. 216 F. Supp. 2d 725 (2002).

Because there is insufficient evidence to show that petitioner committed the underlying crime of robbery under the Hobbs Act, there is insufficient evidence to convict petitioner under §924(c). Petitioners conviction under counts (6), (12) and (5) must be reversed.

For all reason(s) stated within and throughout this petition, petitioner requests a timely responce as weaa as a brief recital as to why relief should not be granted. See also, United States v. Min Nan WANG, 2000 WL 1060375 (6th Cir. Tenn.).

*Guillermo R. Rojas*
Willie Riojas Guillermo
Pro-se petitioner

Dated this 20 day of July ,2005.

-8-

CERTIFICATE OF SERVICE

On this 20 , day of July 2005, I Willie Riojas Guillermo deposited in the legal mail box at Florence USP a true and correct copie(s) of my §2255 and sent to the below address:

Office of The Clerk
1130 "O" Street, Rm 5000
U.S. Courthouse Building
Fresno, California 93721-2201

I declare under penalty of perjury that the above is a true, correct, and complete statement.

*Guillermo Riojas*