```
                IN THE UNITED STATES DISTRICT COURT FOR THE

                       EASTERN DISTRICT OF CALIFORNIA


GUILLERMO WILLIE RIOJAS,        )    No. CV-F-05-947 REC
                                )    (No. CR-F-94-5212 MDC)
                                )
                                )    ORDER DENYING MOTION TO
            Petitioner,         )    VACATE, SET ASIDE OR CORRECT
                                )    SENTENCE PURSUANT TO 28
       vs.                      )    U.S.C. § 2255 AND DIRECTING
                                )    ENTRY OF JUDGMENT FOR
                                )    RESPONDENT
UNITED STATES OF AMERICA,       )
                                )
                                )
            Respondent.         )
                                )
_____)
```

On July 25, 2005, petitioner Guillermo Willie Riojas filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Petitioner was convicted by jury trial of interference with interstate commerce by threats or violence in violation of 18 U.S.C. § 1951(a) (Count 5), two counts of use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (Counts 6 and 12), and motor vehicle theft - carjacking in violation of 18 U.S.C. § 2119 (Count 11).  Petitioner was sentenced to 96 months as to Counts 5 and 11 to be served concurrently, 10 years

1

1  consecutive as to Count 6, and 20 years consecutive as to Count
2  12.  Petitioner appealed to the Ninth Circuit.  Petitioner's
3  conviction and sentence were affirmed by the Ninth Circuit on May
4  27, 1997.  See United States v. Delacorte, et al., 1997 WL 226467
5  (9th Cir. 1997).
6      In his Section 2255 motion, petitioner raises two grounds
7  for relief.
8      In Ground One he contends that he was denied the effective
9  assistance of counsel
10             because counsel failed to investigate the
               facts of the case and research the law in
11             correlation thereto, petitioner was harmed
               and prejudiced from counsel's
12             action/inactions, and but for counsel's
               actions/inactions petitioner would not have
13             been found guilty in violation of 18 USC §
               1951(a) count 5, interference of State
14             Commerce [sic]
15 However, in the body of his motion, however, petitioner does not
16 refer to ineffective assistance of counsel or point to any
17 specific investigation that counsel should have conducted or
18 evidence that counsel should have discovered that would
19 substantiate petitioner's claim.  Rather, petitioner asserts that
20 "insufficient evidence existed to support a finding that his
21 robbery affected interstate commerce and had no effect on
22 interstate commerce beyond an absolute de minimus effect."
23      With regard to Ground One, petitioner's claim is subject to
24 the one-year limitation period applicable to Section 2255 motions
25 and appears to be time-barred.  When a claim or claims appear to
26 be time-barred, the court usually requires a petitioner to file

2

1 an amended petition setting forth the facts upon which he intends
2 to rely in contending that the claim(s) are not time-barred
3 and/or that the petitioner is entitled to equitable tolling
4 within the meaning of Calderon v. U.S. Dist. Court for Central
5 Dist. of Cal., 128 F.3d 1283 (9th Cir. 1997), cert. denied, 522
6 U.S. 1099 and 523 U.S. 1061 (1998), overruled on other grounds,
7 163 F.3d 503 (9th Cir. 1998).

However, the court will not follow that procedure here. Notwithstanding issues of timeliness, petitioner cannot raise this claim in this Section 2255 motion.  In affirming petitioner's conviction of Count 5, the Ninth Circuit rejected petitioner's contention on appeal that the evidence was not sufficient to support that conviction, holding in pertinent part:

> The robbery of Andre's Restaurant had a sufficient nexus with interstate commerce to support the conviction of both defendants under 18 U.S.C. § 1951(a).  Lucille Estrada, a clerk at Andre's, testified that the perpetrators took money from the cash register.  A food supplier for Andre's Restaurant, Joseph Galland, testified that he sold to Andre's various food items that came from other states.  The defendants depleted the resources of a business engaged in interstate commerce.

In Ground Two petitioner contends that his sentence was enhanced the trial judge beyond the statutory maximum prescribed by law in violation of Blakely v. Washington, 524 U.S. 296 (2004).

Petitioner is not entitled to relief with regard to Ground Two.  Neither the Supreme Court's decision in Blakely nor the

3

Supreme Court's decision in United States v. Booker, ___ U.S. ___, 125 S.Ct. 738 (2005) are applied retroactively on collateral review.  See Schardt v. Payne, ___ F.3d ___, 2005 WL 1593468 (9th Cir. 2005); Varela v. United States, 400 F.3d 864 (11th Cir. 2005); Humphress v. United States, 398 F.3d 855 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005); Guzman v. United States, 404 F.3d 139 (2nd Cir. 2005).

Petitioner also contends in Ground Two that his convictions and the consecutive sentences imposed for the two counts of violation of 18 U.S.C. § 924(c) violate the Double Jeopardy Clause.  Again, petitioner's claim appears to be time-barred.  However, even if it were not time-barred, the claim has no merit.  Petitioner was convicted of the use or carrying of a firearm during two separate crimes, the robbery of the restaurant and the carjacking.

Finally, petitioner contends that the district court imposed the statutorily required sentences for the violations of Section 924(c) and then also enhanced his sentence under the Sentencing Guidelines because of his use or carrying of a firearm.

Again, this claim appears to be time-barred.  However, even if not time-barred, because petitioner did not raise this claim on direct appeal, he has waived his right to do so by way of Section 2255.  See United States v. Schlesinger, 49 F.3d 483 (9th Cir. 1994).

ACCORDINGLY:

1.   Petitioner's motion to vacate, set aside or correct

4

sentence pursuant to 28 U.S.C. § 2255 is denied.

    2.   The Clerk of the Court is directed to enter judgment for respondent.

    IT IS SO ORDERED.

**Dated:  August 8, 2005**                      **/s/ Robert E. Coyle**
668554                                     UNITED STATES DISTRICT JUDGE